TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00595-CR







John Patterson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 007403, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING







John Patterson appeals from judgments of conviction for aggravated sexual assault
of a child by penetration, (1) aggravated sexual assault of a child by contact, (2) indecency with a child
by contact, (3) attempted indecency with a child by contact, (4) and indecency with a child by exposure. (5) 
Appellant contends the district court erred by refusing to require the State to elect between multiple
theories of the same offense alleged in the indictment and by submitting each theory to the jury in
its charge. He also contends his double jeopardy guarantee against multiple punishments for the
same offense was violated, that the erroneous exclusion of evidence prevented him from presenting
a meaningful defense, and that the evidence is factually insufficient to sustain the convictions. We
will sustain appellant's double jeopardy claim with respect to the convictions for indecency with a
child. We will otherwise overrule appellant's contentions and affirm the convictions for aggravated
sexual assault of a child and attempted indecency with a child.


Background

Appellant spent the night of October 10, 2000, in the home of two coworkers, the
parents of the complainant (age eleven) and her sister (age ten). Although it had been agreed that
appellant would sleep in the spare room, the complainant's father later found appellant in the girls'
bedroom. He told appellant to leave the room and appellant did so. Later, appellant reentered the
girls' bedroom and got into bed with the complainant's sister. The younger girl testified that
appellant left the room after she pushed him off the bed.

Appellant returned to the girls' bedroom a third time and got into the complainant's
bed. She testified, "He started unbuttoning his pants and he grabbed my hand trying to make me
touch his private." The complainant said that she pulled her hand away and never touched
appellant's penis. Appellant, who was behind the complainant, then pulled down the complainant's
shorts. "He got his private and trying to put it in my butt." (6) Asked if she felt appellant's penis "on
the inside or the outside," she answered, "Inside." The complainant got out of bed and went to the
bathroom, where she was joined by her sister. The complainant told her sister what appellant had
done but decided not to report it to her parents.

When the complainant returned to her bed, appellant, who was still there, "started
doing the same thing over and over." Appellant again attempted to force the complainant to touch
his penis, then he "started putting it in me--his private in me, my butt." The prosecutor asked,
"[H]ow far inside your butt was his private?" The complainant replied, "About that much," but the
record does not reflect the gesture that apparently accompanied this answer. The complainant left
her bed again and this time went to her parents' bedroom to report what appellant had done.

The complainant's sister testified that she saw the sheets moving on the complainant's
bed and heard the complainant tell appellant she needed to go to the bathroom. She confirmed the
complainant's testimony regarding their conversation in the bathroom.

The indictment was composed of three counts containing a total of five paragraphs. 
Count one, paragraph one alleged that appellant penetrated the complainant's anus with his penis. 
Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2002). Count one, paragraph two alleged that
appellant caused the complainant's anus to contact his penis. Id. § 22.021(a)(1)(B)(iv). Count two,
paragraph one alleged that appellant touched the complainant's anus with the intent to arouse or
gratify his sexual desire. Id. § 21.11(a)(1). Count two, paragraph two alleged that appellant caused
the complainant to touch his genitals with the intent to arouse or gratify his sexual desire. Id. Count
three alleged that appellant exposed his genitals in the complainant's presence with the intent to
arouse or gratify his sexual desire. Id. § 21.11(a)(2)(A). Each paragraph was submitted to the jury
as alleged in the indictment except count two, paragraph two, which was submitted to the jury as the
lesser included offense of attempted indecency with a child. The jury returned five guilty verdicts
which are reflected in five separate judgments of conviction.


Double jeopardy

In issue one, appellant contends his convictions for aggravated sexual assault with
a child, indecency with a child by contact, and indecency with a child by exposure violate the
constitutional guarantee against double jeopardy. (7) U.S. Const. amends. V, XIV; Tex. Const. art. I,
§ 14. Appellant does not separately argue the state and federal constitutional claims or argue that
the Texas double jeopardy clause differs in any significant way from the Fifth Amendment. 
Therefore, we will consider the issue under the federal constitution. See Queen v. State, 940 S.W.2d
781, 783 (Tex. App.--Austin 1997, pet. ref'd).

The Double Jeopardy Clause protects against a second prosecution for the same
offense following a conviction, a second prosecution for the same offense following an acquittal, and
multiple punishments for the same offense. Illinois v. Vitale, 447 U.S. 410, 415 (1980); Cervantes
v. State, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991). Appellant relies on the third of these
protections. A double jeopardy claim may be raised for the first time on appeal when the double
jeopardy violation is clearly apparent on the face of the record. Gonzalez v. State, 8 S.W.3d 640, 643
(Tex. Crim. App. 2000); Duvall v. State, 59 S.W.3d 773, 776-77 (Tex. App.--Austin 2001, pet.
ref'd).

When the same criminal conduct violates two different penal statutes, the two
offenses are the same for double jeopardy purposes if one of the offenses contains all the elements
of the other. Blockburger v. United States, 284 U.S. 299, 304 (1932). In Texas, an offense is
included within another if, among other things, it is established by proof of the same or less than all
the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann.
art. 37.09(1) (West 1981). Because our state law "describes includedness in much the same way
Blockburger describes sameness," greater inclusive and lesser included offenses are the same for
double jeopardy purposes. Parrish v. State, 869 S.W.2d 352, 354-55 (Tex. Crim. App. 1994).

The double jeopardy guarantee against multiple punishments does no more than
prevent greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 366
(1983); Ex parte Kopecky, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992). Absent a clear indication
of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple
punishments for two offenses that are the same under the Blockburger test. Whalen v. United States,
445 U.S. 684, 691-92 (1980).

The evidence is legally sufficient to prove that on the night in question appellant twice
penetrated the complainant's anus with his penis. (8) These two acts support appellant's convictions
for aggravated sexual assault of a child by penetrating the complainant's anus with his penis and by
contacting the complainant's anus with his penis. Because the two acts were separate and distinct,
the two aggravated sexual assault convictions are not based on the same conduct and do not
constitute multiple punishments for the same offense. Appellant does not argue to the contrary, but
he does urge that the convictions for indecency with a child by contact and indecency with a child
by exposure are based on the same conduct that underlies the two aggravated sexual assault
convictions and therefore violate the double jeopardy guarantee against multiple punishments. We
agree. 

The only sexual contacts between appellant and the complainant shown by the
evidence were the two contacts incident to the penetration of the complainant's anus by appellant's
penis. The evidence supports a finding that appellant engaged in these contacts with the intent to
gratify his sexual desire. See Tex. Pen. Code Ann. § 21.01(2) (West Supp. 2002) (defining "sexual
contact"); see also Cunningham v. State, 726 S.W.2d 151, 155 (Tex. Crim. App. 1987). Under the
circumstances, the offense of indecency with a child by contact was included within the two
aggravated sexual assaults. See Ochoa v. State, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998). 
In the absence of a clear indication that the legislature intended to inflict multiple punishments,
appellant's conviction for indecency with a child by contact based on the same conduct for which
he was convicted of aggravated sexual assault constitutes multiple punishment for the same offense
in violation of the Fifth Amendment. Id. at 908.

Similarly, the evidence shows that appellant exposed his penis in the complainant's
presence only twice, as he attempted to cause her to touch his penis and then penetrated her anus
with his penis. (9) On this record, the offense of indecency with a child by exposure was incident to
and included within the aggravated sexual assaults. See Hutchins v. State, 992 S.W.2d 629, 632
(Tex. App.--Austin 1999, pet. ref'd, untimely filed). In the absence of a clear indication of
legislative intent to inflict multiple punishments, appellant's conviction for indecency with a child
by exposure based on the same conduct for which he was convicted of aggravated sexual assault
constitutes impermissible multiple punishment for the same offense. Id.

When a defendant is convicted of two offenses in violation of the double jeopardy
guarantee, the proper remedy is to set aside the conviction for the offense carrying the less serious
punishment. Landers v. State, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997). Therefore, we will
reverse appellant's convictions for indecency with a child by contact and indecency with a child by
exposure.


Election and charge issues

In issue two, appellant urges that the district court erred by refusing to require the
State to elect between paragraphs one and two of count one, and between paragraphs one and two
of count two. In issue three, he makes the related argument that the court's charge erroneously
authorized appellant's conviction under both paragraphs of each count. Because we have determined
that appellant's conviction for indecency with a child by contact must be set aside on double
jeopardy grounds, these contentions are moot as they relate to count two and we will confine our
discussion to count one.

Appellant did not move for an election until the jury charge conference. See
Gutierrez v. State, 8 S.W.3d 739, 748 (Tex. App.--Austin 1999, no pet.) (election motion at charge
conference is untimely). The only harm appellant asserts from the denial of the motion is that the
jury charge authorized his conviction under both paragraphs of a single count. Therefore, we will
consider appellant's arguments under both issues as they relate to his contention that the jury charge
was erroneous.

When multiple offenses are committed during a single criminal episode, they may be
joined in a single indictment with each offense alleged in a separate count. Tex. Code Crim. Proc.
Ann. art. 21.24(a) (West 1989). In such cases, the State is not required to elect between counts and
each count may be submitted to the jury. Thacker v. State, 999 S.W.2d 56, 63 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd). A count may contain as many separate paragraphs as necessary. Tex.
Code Crim. Proc. Ann. art. 21.24(b) (West 1989). Appellant's arguments are premised on the
assumption that a multi-paragraph count alleges a single offense, with each paragraph merely
alleging an alternate manner of committing the offense in order to meet possible variations in the
proof. Thus, appellant contends the district court should have authorized his conviction for
aggravated sexual assault of a child under either paragraph one or paragraph two of count one, but
not both.

It is true that, as a general rule, a "count" is used to charge the offense itself and a
"paragraph" is that portion of a count which alleges the method of committing the offense. Renfro
v. State, 827 S.W.2d 532, 535 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd); see also Aguirre
v. State, 732 S.W.2d 320, 325 (Tex. Crim. App. 1987). However, the substance of the allegation
determines its character as a "count" or a "paragraph," not the terminology used. Dalton v. State,
898 S.W.2d 424, 426 (Tex. App.--Fort Worth 1995, pet. ref'd). 

Those who commit multiple discrete assaults against the same victim are liable for
separate prosecution and punishment for every instance of such criminal misconduct. Gutierrez, 8
S.W.3d at 747 (quoting Vernon v. State, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992)). In her
testimony, the complainant described two separate and distinct criminal assaults, one committed
before she left her bed and went to the bathroom and the other committed after she returned to her
bed from the bathroom. In both of these assaults, appellant contacted and penetrated the
complainant's anus with his penis. Under the circumstances, the district court did not err by treating
the two aggravated sexual assault "paragraphs" as "counts" alleging two discrete offenses and
authorizing appellant's conviction for both. Issues two and three do not present error.


Exclusion of defensive evidence

In issues four, five, and six, appellant contends the district court erred by excluding
evidence that semen was found on a comforter taken from the girls' bedroom and that DNA testing
determined the semen did not come from appellant. Appellant's defense was that he had been
wrongly accused by the complainant, who had either fabricated her entire story or blamed appellant
for the actions of someone else. Appellant urges that the semen was evidence that, if a sexual assault
took place, he was not the assailant. He asserts that the court's ruling denied him the opportunity
to present a meaningful defense. We review the court's decision for an abuse of discretion. 
Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh'g).

The record reflects that the comforter was found by the police in the laundry room
of the house. Although it was agreed that the comforter came from the girls' bedroom, it was not
known whether it had been on the complainant's bed at the time of the assaults. The age of the stain
was also unknown. There was no evidence that the man who assaulted the complainant had
ejaculated. Although appellant had been excluded as the source of the semen, no further effort had
been made to identify the source. The court ruled that the relevance of the evidence was outweighed
by the danger of unfair prejudice and confusion "since it cannot be determined when the semen was
placed there, by whom it was placed, when--even on whose blanket it was placed, whether it was
even on the alleged victim's bed . . . . [A]t this point I don't believe that the probative value
outweighs the prejudicial effect, and especially in light of Rule 412 which specifically addresses this
type of evidence." See Tex. R. Evid. 403, 412.

"Alternative perpetrator" evidence presents special problems when weighing
probative value against rule 403 counterfactors. Wiley v. State, 74 S.W.3d 399, 406 (Tex. Crim.
App. 2002). 


Although a defendant obviously has a right to attempt to establish his innocence by
showing that someone else committed the crime, he still must show that his proffered
evidence regarding the alleged alternative perpetrator is sufficient, on its own or in
combination with other evidence in the record, to show a nexus between the crime
charged and the alleged "alternative perpetrator."



Id. Appellant argues that Wiley is satisfied here because DNA test results are particularly reliable. 
This argument confuses reliability with relevance. A nexus between the crime and the alleged
alternative perpetrator is necessary to establish the relevance of the evidence, not to prove its
reliability.

In the absence of any evidence tending to show that the semen stain on the comforter
was left by the complainant's assailant, there was no nexus between the proffered evidence and the
assaults. Absent such a nexus, the semen stain and the test results showing that appellant was not
the source did not exculpate appellant or support a conclusion that the assaults were committed by
someone else. Under the circumstances, the district court did not abuse its discretion by concluding
that the probative value of the evidence was outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury. No error is shown by issues four, five, and six.


Factual sufficiency

Finally, appellant contends the evidence is factually insufficient to sustain his
convictions. When conducting a factual sufficiency review, all the evidence is considered equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. See Orona
v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A factual sufficiency review asks
whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates
that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to
undermine confidence in the jury's determination. See Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).

Appellant points to evidence that the complainant disliked him. Appellant and the
complainant's family had briefly shared a residence, and there was testimony that appellant had
angered the complainant by disciplining her on more than one occasion. The defense also called
witnesses who testified that the complainant was not truthful. In fact, the complainant's parents
conceded during cross-examination that the girl was sometimes untruthful. The doctor who
examined the complainant two weeks after the assaults found no evidence to confirm or refute the
girl's allegations. 

Appellant also asserts that the police officer who first interviewed the complainant
"tainted" the witness and thus all of her subsequent statements. But while there was evidence that
the officer had no training in interviewing children and that he omitted facts from his written offense
report, appellant points to no evidence supporting his assertion that the officer caused the
complainant to falsely accuse appellant of sexual assault.

"The authority . . . to disagree with the fact finder's determination is appropriate only
when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest
injustice. Otherwise, due deference must be accorded the fact finder's determinations, particularly
those determinations concerning the weight and credibility of the evidence." Id. at 9. Having
reviewed all the evidence before us, we find no manifest injustice in the jury's verdicts convicting
appellant of aggravated sexual assault of a child and attempted indecency with a child by contact. 
Issue seven's challenge to the factual sufficiency of the evidence is without merit.



Conclusion

The judgments of conviction for indecency with a child by contact and indecency with
a child by exposure are reversed and those causes are dismissed. The judgments of conviction for
aggravated sexual assault of a child by penetration, aggravated sexual assault of a child by contact,
and attempted indecency with a child by contact are affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed: September 12, 2002

Publish
1. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2002). The jury assessed punishment
for this offense at imprisonment for thirty-five years.
2. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iv) (West Supp. 2002). The jury assessed
punishment for this offense at imprisonment for twenty years.
3. Tex. Pen. Code Ann. § 21.11(a)(1) (West Supp. 2002). The jury assessed punishment
for this offense at imprisonment for twenty years.
4. Tex. Pen Code Ann. §§ 15.01(a) (West 1994), 21.11(a)(1) (West Supp. 2002). The jury
assessed punishment for this offense at imprisonment for five years. 
5. Tex. Pen. Code Ann. § 21.11(a)(2)(A) (West Supp. 2002). The jury assessed
punishment for this offense at imprisonment for five years.
6. The record shows that the complainant used "private" to refer to appellant's penis and "butt"
to refer to her anus.
7. Appellant does not advance a double jeopardy claim with regard to the conviction for
attempted indecency with a child.
8. Because appellant challenges only the factual sufficiency of the evidence, he effectively
concedes that the evidence is legally sufficient to sustain the convictions. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (factual sufficiency review begins with presumption that
evidence is legally sufficient). 
9. The State argues that appellant's second attempt to force the complainant to touch his penis
supports the conviction for indecency with a child by exposure because "[t]hat act [the attempted
touching] was distinct from the anal penetration that also occurred." The issue, however, is not
whether appellant's attempt to force the complainant to touch him and the anal penetration were
separate acts, but whether the exposure incident to the anal penetration was conduct distinct from
the exposure incident to the attempted touching. It was not.